840 F.2d 10
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William E. BROCK, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant,
John P. Vallis, Plaintiff,
v.
INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS;
International Marine Division of the International
Longshoremen's Association, AFL-CIO, (IOMMP); American
Radio Association; Communications and Electronics
Membership Group of the International Organization of
Masters, Mates and Pilots; the International Marine
Division of the International Longshoremen's Association,
AFL-CIO, (ARA-MMP), Defendants-Appellees.
John P. VALLIS, Plaintiff-Appellant,
and
William E. Brock, Secretary of Labor, United States
Department of Labor, Plaintiff,
v.
INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS;
International Marine Division of the International
Longshoremen's Association, AFL-CIO, (IOMMP); American
Radio Association; Communications and Electronics
Membership Group of the International Organization of
Masters, Mates and Pilots; the International Marine
Division of the International Longshoremen's Association,
AFL-CIO, (ARA-MMP), Defendants-Appellees.
 Nos. 87-2033 (L), 87-2034.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 4, 1988.
Decided: Feb. 10, 1988.
 
 Edward Thomas Morriss, U.S. Department of Labor (George R. Salem, Solicitor of Labor; John F. Depenbrock, Associate Solicitor; Barton S. Widom, Deputy Associate Solicitor; Helen Boetticher, Counsel for Litigation; John P. Vallis, pro se on brief), for appellants.
 W. Michael Pierson (Edwin A. Steinberg; Burton M. Epstein, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, JAMES DICKSON PHILLIPS, Circuit Judge, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 The Secretary of Labor brought suit under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. Secs. 401 et seq. against an international union[1] and a local union[2] to set aside the 1984 election of the officers and council member at large of the local union. John Vallis, an unsuccessful candidate for office in the local union, intervened as a party plaintiff. Their theory of the case was that the international and local unions misled members of the local union about their eligibility to seek office and thus deprived them of the right to be a candidate in violation of 29 U.S.C. Sec. 481(e).[3]
 
 
 2
 After an eight-day trial to the court, the district court found for defendants for the reasons set forth in an extensive oral opinion. Plaintiffs appeal, and we affirm.
 
 I.
 
 3
 Prior to 1980 the local union was an independent national union. In 1980 it merged with the international union under a consolidation agreement which was effective January 1, 1981. This agreement provided for a five-year trial period which was later shortened to four years. The consolidation agreement was submitted to referendum of the members of the local union who approved it. The referendum ballot provided that the constitution of the local union would become the working rules of the local union after merger and its provisions would remain in full force and effect insofar as they were not in conflict with the consolidation agreement.
 
 
 4
 The consolidation agreement did shorten the terms of the then local union officers from four years to three years in order to make them coincide with the terms of the officers of the international union. The consolidation agreement also provided that:
 
 
 5
 Commencing with the 1984 [local and international union] elections, the procedures as to elections of the [local union] shall be suspended for the period the consolidation is in effect and replaced with the election procedures of the [international union] Constitution.
 
 
 6
 With regard to the eligibility of members to be candidates for union office, the constitution of the local union contained a requirement that a candidate "have been a member of the Union in good standing for a period of 5 years prior to the election." The constitution of the international union required as a condition of eligibility for candidacy that the candidate "[h]ave been a member of the Organization for a period of at least four (4) years and is and has been continuously in good standing for the 24 months preceding nomination." It is at once apparent that if the qualifications for candidacy of the international union were applicable to candidates for union office in the 1984 election of the local union, there would be no member of the local union eligible to be a candidate. This result necessarily follows because the 1984 election would have been conducted less than four years after January 1, 1981, the effective date of the consolidation of the international and local unions. Thus, until January 1, 1985, no member of the local union would have been a member of the international union long enough to satisfy the international union's four-year eligibility requirement.
 
 
 7
 Nonetheless the Secretary and the intervenor contend that the international union and the local union both failed to give members of the local union sufficient notice that the eligibility requirements of candidates for office in the local union were governed solely by the former constitution (now working rules) of the local union. They argue that many members were misled by the lack of affirmative notice to conclude that they were ineligible, and therefore decided not to seek office, thus destroying the democratic process that the statute was designed to protect. We are not persuaded.
 
 II.
 
 8
 During the eight days of trial, the district court heard the testimony of five witnesses for plaintiffs and three witnesses for defendant, considered the testimony of six additional witnesses who testified by deposition, and reviewed 110 exhibits, including the constitutions of both unions, the consolidation agreement, the ballot used in the referendum on the consolidation agreement, and the notice of nomination and election for the 1984 election. It found as a fact that the consolidation agreement altered only the election procedures to be followed in the election of local union officials, but not the eligibility requirements for candidates. The court also found persuasive the fact that in 1982 the local union membership voted in a referendum on proposed amendments to the local union constitutional provisions regarding eligibility requirements for candidacy to union office. It found as a fact that "[local union] members interested in running for office were put on notice by [the referendum ballot] that the [local union] eligibility requirements continued to apply in elections after the consolidation." In a later, more elaborate statement, the district court said:
 
 
 9
 The Court finds from the provisions in the constitutions of [the local union] and [the international union], the consolidation agreement between the two organizations, the Notice of Nomination and Election, and the Strichartz testimony[4] that the [local union] eligibility requirements applied to [local union] candidates in the 1984 election, that no information to the contrary was disseminated to the membership, and this remained unchanged throughout the time in question
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 Finally the district court made findings with respect to the testimony of the Secretary's witnesses who claimed that they were "prevented" from running for office because of their belief that the eligibility requirements of the international union would apply to their candidacy. The court found that none "seriously considered running for office", that none made the inquiries about their eligibility that one who really considered running for office would have made, and that three of these four witnesses had interests which adversely affected their credibility.
 
 
 13
 As they must, the Secretary and the intervenor concede that the district court's factual findings are conclusive unless clearly erroneous. Fed.R.Civ.P. 52(a). From our review of the record, we think that the findings we have set forth above have substantial evidentiary support and thus are not clearly erroneous. They are accordingly dispositive of the case. No violation of 481(e) occurred (a) if the documents available to and put before the members of the local union related only to the procedure for electing candidates for union office and not the eligibility of a member to be a candidate, and (b) if no notice to the contrary was disseminated.
 
 
 14
 In view of this conclusion, we need not discuss other contentions of the parties.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 International Organization of Masters, Mates and Pilots, International Marine Division of the International Longshoremen's Association, AFL-CIO. In the text the organization will be referred to as "international union."
 
 
 [2]
 American Radio Association, Communications and Electronics Membership Group of the International Organization of Masters, Mates and Pilots, the International Marine Division of the International Longshoremen's Association AFL-CIO. In the text the organization will be referred to as the "local union."
 
 
 [3]
 The pertinent portion of the statute states that "every member in good standing shall be eligible to be a candidate and to hold office", except as specifically barred by the provision of 28 U.S.C. Sec. 504 (members of the Communist Party, convicted felons, etc.). If a violation of Sec. 481(e) is proven, a district court is empowered to void the election. 29 U.S.C. Sec. 482(c)
 
 
 [4]
 Strichartz was one of the drafters of the consolidation agreement and the amendments to the constitution of the local union to bring it into conformity with the consolidation agreement